**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:09-cv-00643-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983<br><br>(Doc. 14)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Order**

**I.      Background**

Plaintiff Moody Woodrow Tanksley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. On April 10, 2009, Plaintiff filed the complaint which initiated this action. (Doc. 1.) On August 21, 2009, the Court dismissed Plaintiff's complaint with leave to file an amended complaint within 30 days. (Doc. 13.) On September 23, 2009, Plaintiff filed his first amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## II.     Summary of Allegations

Plaintiff is currently housed at Atascadero State Hospital.  Plaintiff's amended complaint, much like his original complaint, is difficult to understand and his allegations difficult to decipher. Plaintiff names the Honorable Richard J. Oberholzer and District Attorney Kenneth Green as defendants.  Plaintiff does not explain why he is suing Judge Oberholzer or Kenneth Green.  Plaintiff is alleging that defendants violated the Health Insurance Portability and Accountability Act by their actions, as well as "penality code 1385."   Plaintiff requests that the Court obtain court documents from the California Fifth District Court of Appeal.  Plaintiff seeks money damages.

First, as stated in the Court's previous order, the Health Insurance Portability and Accountability Act itself provides no private right of action.  Webb v. Smart Document Solutions L.L.C, 499 F.3d 1078 (9th Cir. 2007).  Plaintiff's claim fails as a matter of law

Second, state court judges and prosecutors are immune from liability under 42 U.S.C. § 1983.  See Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ).  Based on his

allegations, Plaintiff may not proceed in this action against either defendant Oberholzer or defendant Green.

Third, Plaintiff cites to a penal code 1385. The corresponding section in the California Penal Code pertains to criminal procedure for dismissing actions. Cal. Penal Code § 1385. This is not a cause of action.

Plaintiff was provided with the opportunity to file an amended complaint curing the deficiencies in his original complaint. Plaintiff has failed to do so, and fails to state any cognizable federal claims. Accordingly, further leave to amend will not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## III.    Conclusion and Order

Plaintiff fails to state any cognizable claims in his amended complaint. Plaintiff was provided leave to amend to cure the deficiencies identified in his original complaint, but failed to do so. Plaintiff will not be granted further leave to amend.

Accordingly, it is HEREBY ORDERED that this action is DISMISSED with prejudice for failure to state any claims upon which relief may be granted under 42 U.S.C. § 1983. The dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **April 6, 2010**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE